IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHELLE FARABAUGH,

Plaintiff,

v.

1-800-FLOWERS.COM, INC.,
HARRY AND DAVID, LLC,

Defendants.

Case No. 1:21-cv-00363-CL

**FINDINGS AND
RECOMMENDATION**

CLARKE, Magistrate Judge.

Plaintiff Michelle Farabaugh ("Plaintiff") brings this case against defendants for sex-based discrimination, retaliation, and breach of contract. This case comes before the Court on defendants' motion to dismiss and alternative motion to transfer venue. Oral argument was heard on August 31, 2021, and the Court considered supplemental briefing from both parties. For the reasons discussed below, this Court recommends that the Motion to Dismiss (Dkt. #11)

Page 1 of 7 - FINDINGS AND RECOMMENDATION

be DENIED in part and GRANTED in part, and the case be transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Defendant 1-800-Flowers.com, Inc. ("1-800-Flowers") is a Delaware corporation with its principal office located in New York. Defendant Harry and David, LLC ("Harry & David") is a wholly owned subsidiary of 1-800-Flowers, with its principal office located in Medford, Oregon. From July 2017 through February 12, 2020, Plaintiff was employed by 1-800-Flowers as the Chief Marketing Officer for Harry & David. Plaintiff is a current resident of Medford, Oregon and performed her work for Harry & David in Medford. 1-800-Flowers and Harry & David shared control over the terms and conditions of Plaintiff's employment.

Plaintiff alleges that during her employment, she was deprived of information necessary for her role by other executives, excluded from meetings and other opportunities to perform, and was subject to different treatment than male executives as her level. Plaintiff's employment was terminated on February 12, 2020, soon after she shared her concerns with members of the leadership team that defendants were knowingly reporting unrealistic and misleading profit projections to investors. Plaintiff has brought four claims against defendants: (1) unlawful sex-based discrimination under Title VII of the Civil Rights Act of 1964; (2) sex-based discrimination under ORS 659A.030; (3) retaliation for whistleblowing under ORS 659A.199; and (4) Breach of Contract based on defendant's Code of Ethics, which prohibits sex-based discrimination and retaliation.

Defendants move to dismiss this case or, in the alternative, transfer venue on the grounds that Plaintiff voluntarily signed an employment agreement that contained a forum selection clause whereby Plaintiff consented to the exclusive jurisdiction of the Supreme Court of the State

of New York, County of Nassau and the United States District Court for the Eastern District of New York. The agreement also provided that New York law shall govern the rights and obligations of the parties.

## DISCUSSION

### I. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) should be denied.

The Court declines to grant defendants' motion to dismiss under Rule 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Plaintiff's Complaint has satisfied the pleading standard to sufficiently state a claim for relief that is plausible on its face.

Defendants argue that several courts outside the Ninth Circuit allow for the enforcement of a forum selection clause under Rule 12(b)(6) and that the Supreme Court of the United States held open the possibility in *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 59-61 (2013). However, in that case, the Supreme Court explicitly found that a motion brought under 28 U.S.C. § 1404(a) was the proper avenue to enforce a forum selection clause and declined to consider whether a defendant in a breach of contract action could obtain dismissal under Rule 12(b)(6) when the plaintiff files suit in a district other than the one specified in the forum selection clause. *Id.* at 61. Therefore, the Court does not find grounds for dismissal here.

II. **Motion to Transfer Venue under 28 U.S.C. § 1404(a) based on enforcement of a forum selection clause should be granted.**

In the alternative, defendants move under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Eastern District of New York, pursuant to the forum selection clause contained in Plaintiff's employment agreement. The Court recommends that this motion be granted.

In 2013, the Supreme Court held that a motion brought under section 1404(a) was the proper mechanisms for enforcing a forum selection clause. *Atl. Marine Constr. Co.*, 571 U.S. 49 at 59-61. Section 1404(a) is the codification of the *forum non conveniens* doctrine and provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In the typical case not involving a forum-selection clause, a district court considering a section 1404(a) motion must evaluate both the convenience of the parties and various private and public interest considerations. However, when the parties' contract contains a valid forum-selection clause, the Supreme Court held that the clause should be given controlling weight in all but the most "exceptional cases." *Atl. Marine Constr. Co.*, 571 U.S. 49 at 63.

The Supreme Court further held that the presence of a valid forum selection clause changes a court's analysis under section 1404(a) in that the court must deem the private interest factors to weigh entirely in favor of the preselected forum and the plaintiff's choice of forum merits no weight. *Id.* at 63-64. As a result, a district court may consider arguments about public interest factors only. *Id.* at 64. Plaintiff does not dispute the validity of the forum selection clause contained in her employment agreement. Therefore, the relevant public interest factors that this Court may consider include the administrative difficulties flowing from court

congestion; the imposition of jury duty on people of the community unrelated to the litigation; and the local interest in having localized controversies decided at home. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981) (listing various public interest factors that may be considered).

The Court finds that the public interest factors weigh in favor of transfer. First, the Court finds no significant difference between the District of Oregon and the Eastern District of New York in terms of congestion that would warrant keeping the case in Oregon. Second, Plaintiff conceded at oral argument that she signed a jury waiver, so it is unlikely that this case will be heard by a jury in either jurisdiction. Finally, the court has considered supplemental briefing on whether there is a strong enough local interest in having this controversy decided in Oregon to satisfy the "exceptional circumstances" threshold. After careful review of the relevant caselaw, the Court finds that the local interest to adjudicate this case is not enough to keep this case in Oregon.

The local interest in keeping this case in Oregon is likely equivalent to New York's interest in hearing the case there. Plaintiff argues that the Medford community has an interest in this case because "it concerns allegations of a significant discriminatory atmosphere at one of Medford's largest employers." While this may be true, the discriminatory conduct alleged in Plaintiff's Complaint were mostly performed by executives of 1-800-Flowers. Plaintiff referenced several male colleagues in her Complaint, the majority of which live and work in New York. Plaintiff alleges that she was terminated after she shared her concerns with members of the leadership team that defendants were knowingly reporting unrealistic and misleading profit projections to investors. New York likely has a strong local interest in hearing a dispute in

which the underlying allegations involve a New York based publicly traded company's statements to its shareholders.

Moreover, Plaintiff was unable to provide analogous caselaw in which the local interest alone defeated a motion to transfer venue. Plaintiff cited *Edwards Vacuum, LLC v. Hoffman Instrumentation Supply, Inc.*, Case No. 3:20-cv-1681-SI, 2021 WL 2355405 (D. Or. June 9, 2021) (J. Simon) as her only example of this Court refusing to enforce a valid forum selection cause because the public interest factors weighed in favor of keeping the case in Oregon. However, in that case, it was the plaintiff who sought to transfer venue of only the defendant's counterclaims pursuant to a forum selection clause while asking the court to keep plaintiff's claims in Oregon. While the Court did consider local interests to an extent, the Court ultimately held that the plaintiff had waived its right to challenge venue and enforce the forum selection clause because plaintiff had voluntarily filed the lawsuit in Oregon. The Court also explained that the claims and counterclaims were factually intertwined, so transferring the counterclaims while keeping plaintiff's claims would lead to the possibility of inconsistent rulings.

Plaintiff also proposed a new argument in her supplemental brief, that Title VII's venue provision reflects a strong public policy to allow Title VII plaintiffs to choose where to bring suit. Defendants correctly point out that this Court has already rejected this argument in *Nowland v. Hill-Rom Co.*, 2008 U.S. Dist. LEXIS 34796, at *4-5 (D. Or. 2008) (holding 42 U.S.C. § 2000e-5(f)(3) does not prohibit the enforcement of a forum selection clause) (J. Aiken). Moreover, the cases cited by Plaintiff to support her proposition about Title VII's venue provision were all decided before the Supreme Court's holding in *Atlantic Marine*, which provided the appropriate standard for evaluating motions to transfer venue pursuant to a valid forum selection clause.

For all of these reasons, the Court finds that the local interest factor as well as all of the relevant public interest factors are insufficient to prevent transfer because these interests do not outweigh all the private interest factors presumed to be in favor of the transferee forum and the controlling weight already given to the valid forum selection clause.

## RECOMMENDATION

For the reasons stated above, the Court recommends that the Motion to Dismiss (Dkt. #11) be DENIED in part and GRANTED in part, and the case be transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6.

DATED this \_\_\_**20**\_\_\_ day of September, 2021.

---
MARK D. CLARKE
United States Magistrate Judge